1  Joshua B. Swigart (SBN 225557)          Daniel G. Shay (SBN 250548)
2  Josh@SwigartLawGroup.com                DanielShay@TCPAFDCPA.com
   **SWIGART LAW GROUP, APC**              **LAW OFFICE OF DANIEL G. SHAY**
3  2221 Camino del Rio S, Ste 308          2221 Camino del Rio S, Ste 308
   San Diego, CA  92108                    San Diego, CA 92108
4  P: 866-219-3343                         P: 619-222-7429
5
   *Attorneys for Plaintiff*
6  *And The Putative Class*

7

8                  **UNITED STATES DISTRICT COURT**
                   **EASTERN DISTRICT OF CALIFORNIA**
9

10

11 | GEOFFREY TAYLOR, individually and on behalf of others similarly situated, | CASE NO: **'22CV1582 AJB  KSC** |
12 | | |
13 | Plaintiff, | CLASS ACTION |
14 | | COMPLAINT FOR DAMAGES FOR: |
15 | vs. | |
16 | | VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CAL. CIVIL CODE § 51 |
17 | MEET MUSE MEDIA, INC., | JURY TRIAL DEMANDED |
18 | | |
19 | Defendant. | |
20

21

22

23

24

25

26

27

28

                                    1
   Class Action Complaint for Damages

**INTRODUCTION**

1.    Geoffrey Taylor ("Plaintiff"), individually and on behalf of all other similarly situated California residents ("Class Members"), brings this action for damages and injunctive relief against Meet Muse Media, Inc. ("Defendant"), and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, related entities for violations of the California Civil Code § 51, California Unruh Civil Rights Act ("UCRA") in relation to Defendant's adoption of arbitrary age discrimination practices.

2.    The California State Legislature enacted the UCRA in 1959 to secure "equal access to public accommodations and prohibit discrimination by business establishments" for the benefit of the people of California. *Harris v. Capital Growth Investors XIV*, 52 Cal.3d 1142, 1150 (1991). The UCRA is very clear in protection of California citizens as free and equal:

> "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race color, religion, ancestry, national origin, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration states are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." California Civil Code § 51(b).

3.    Pursuant to the UCRA, each violation entitles Plaintiff and Class Members to $4,000 in statutory damages, reasonable attorney's fees, and costs. Cal. Civ. Code § 52(a).

4.    Defendant created "Snack," a new video dating mobile application Defendant touts as "dedicated to video sharing" to "meet real people by showing the real you" by saying "goodbye to the way your parents dated, and our hello to the way that GenZ actually connects and vibes."[1]

///

---

[1] https://apps.apple.com/app/snack-video-dating/id1545836962

2

Class Action Complaint for Damages

5. In 2022, Plaintiff attempted to sign up for Snack, however, Snack refused him access. Specifically, Defendant stated that, since Plaintiff is over the age of thirty-five (35), Plaintiff would be unable to utilize Snack's services. Defendant then suggested Plaintiff download "Tinder" or "Match," two other mobile dating applications, not created or owned by Defendant.

6. By refusing Plaintiff access to the full and equal advantages, privileges, and services of the Snack application due to Plaintiff's age, Defendant violated the UCRA.

7. Plaintiff brings this class action on behalf of a class of California consumers, described in more detail herein.

8. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on his personal knowledge.

9. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

10. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

11. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## JURISDICTION & VENUE

12. Jurisdiction is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a Canadian Corporation with its principal place of business in Vancouver, Canada.

Class Action Complaint for Damages

13.   Plaintiff is requesting statutory damages of $4,000 per violation of Cal. Civil Code §51, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction under CAFA.

14.   Therefore, both diversity jurisdiction and the damages threshold under CAFA are present, and this Court has jurisdiction.

15.   Because Defendant conducts business within the State of California, personal jurisdiction is established.

16.   Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and (ii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

17.   Plaintiff is, and at all times mentioned herein was, a natural person and resident of the State of California, living in Bakersfield, California and a resident of this judicial district.

18.   Defendant is, and at all times mentioned herein was, a Canadian corporation with its principal place of business located at 1055 West Hastings Street, Suit 1700, Vancouver, BC Canada V6E2E9.

19.   Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, in the County of Kern, within this judicial district.

## FACTUAL ALLEGATIONS

20.   In February 2021, Defendant launched "Snack," a new mobile dating application focused on videos of its users rather than the traditional dating applications centered around photos of the users.[2] Snack is touted as "the way GenZ actually

---

[2] https://techcrunch.com/2021/05/10/snack-a-tinder-meets-tiktok-dating-app-opens-to-gen-z-investors/#:~:text=Snack%20began%20fundraising%20in%20September,and%20launched%20in%20late%20February.&text=%E2%80%9CWe're%20only%20about%20eight,user%20growth%2C%E2%80%9D%20Kaplan%20says.

4

Class Action Complaint for Damages

1  connects and vibes (video, video, video);"[3] however, as one writer notes, "it's

2  definitely not just for GenZ."[4]

3  21.  The CEO of Snack, Kim Kaplan, stated the purpose of watching the videos on

4  Snack forces the user to be "more intentional about the decisions you're making"

5  versus the "low intent" of swiping on a photo (like Tinder or Match).[5]

6  22.  In September 2022, intrigued by this new way to connect in the dating scene,

7  Plaintiff attempted to download Snack onto his mobile device.

8  23.  Plaintiff input his personal information, which included his age of thirty-seven

9  (37); however, Defendant denied him access to the services of the application.

10  24.  Defendant displayed the following message on Plaintiff's screen:



[3] https://apps.apple.com/us/app/snack-video-dating-app/id1545836962
[4] https://mashable.com/article/snack-gen-z-dating-app
[5] *Id.*

Class Action Complaint for Damages

25. When designing and creating Snack, Ms. Kaplan stated, "Dating apps are about people connecting and meeting. That's the ultimate goal . . . With Snack, you can create those more genuine connections in advance."[6]

26. Defendant built Snack upon a vision of connection; however, Defendant intentionally excluded all users who were above the age of 35 from partaking in the advantages of the privileges of this vision.

27. As a result thereof, Plaintiff has been damaged as set forth in the Prayer for Relief herein.

28. Plaintiff seeks statutory damages and injunctive relief under California Civil Code § 52(a).

## STANDING

29. Defendant's conduct constituted arbitrary age discrimination because it denied Plaintiff and Class members full and equal accommodations, advantages, facilities, privileges, and services of Defendant's dating application, in violation of UCRA.

30. Defendant continues to discriminate against potential Snack users in California based on the age of the user. A favorable decision by this court would redress the injuries of Plaintiff and the Class.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this lawsuit as a class action on behalf of himself and Class Members of the proposed Classes. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

///

///

///

///

---

[6] https://dailyhive.com/vancouver/snack-app-kim-kaplan

6

Class Action Complaint for Damages

32.   Plaintiff proposes the following Class consisting of and defined as follows:

**All persons in California that were denied access to Defendant's application "Snack" because of their age.**

33.   Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.  Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability

34.   **Numerosity**: The Class Members are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendant's application was accessed by tens of thousands of potential users each month, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable.  The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

35.   **Commonality**: There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

- Whether, within the statutory period, Defendant discriminated against Class Members based on age;
- Whether Defendant refused Class Members access to Snack based on age;

///

///

///

7

Class Action Complaint for Damages

- Whether Defendant had, and continues to have, a policy during the relevant period not allowing users over the age of 35 access to Snack; and

- Whether Defendant's actions constitute a violation of Cal. Civil Code § 51.

36. **Typicality**: Plaintiff was denied the accommodations and services of Defendant's mobile dating application due to his age, and thus, his injuries are also typical to Class Members.

37. Plaintiff and Class Members were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, denied Plaintiff and Class Members the full and equal services of utilizing the Snack mobile dating application due to the age of Plaintiff and Class Members.  Plaintiff and Class Members were damaged thereby.

38. **Adequacy**: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  In addition, Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. The proposed class counsel is experienced in handling claims involving consumer actions and violations of the California Civil Code § 51.  Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

///

///

Class Action Complaint for Damages

39. **Predominance**: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

40. **Superiority**: A class action is a superior method for the fair and efficient adjudication of this controversy because:

   a.   Class-wide damages are essential to induce Defendant to comply with California law.

   b.   Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.

   c.   Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

   d.   Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

   e.   Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.

   f.   Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.

41. Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct.

///

9

Class Action Complaint for Damages

42.    The Class may also be certified because:

- the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant;

- the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

- Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

43.    This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

44.    The joinder of Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class Members can be identified through Defendant's records.

**CAUSE OF ACTION**

**ARBITRARY AGE DISCRIMINATION**

**CALIFORNIA CIVIL CODE § 51**

45.    Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

46.    Defendant created Snack, a mobile dating application, which instituted a prohibition on any person over the age of 35 from utilizing the application, including Plaintiff and Class Members within the State of California.

///

10

Class Action Complaint for Damages

47.   Under section 51(b), "all persons," including Plaintiff and Class Members, "are free and equal, and no matter" their personal characteristics, and "are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind." Cal. Civ. Code § 51.

48.   The list of protected classes within the section's language includes "sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status;" however, as noted by previous California courts, "this list is 'illustrative, rather than restrictive,' and the Act's proscription against arbitrary discrimination extends beyond these enumerated classes." *Candelore v. Tinder, Inc.*, 19 Cal.App.5th 1138, 1145 (2018); quoting *In re Cox*, 3 Cal.3d 205, 212 (1970).

49.   The UCRA seeks to treat everyone free and equal based on the individual's "personal characteristics" which are "not defined by 'immutability, since some are, while others are not [immutable], but that they represent traits, conditions, decisions, or choices fundamentals to a person's identity, beliefs and self-definition." *Candelore,* 19 Cal.App.5th at p. 1145; quoting *Koebke v. Bernardo Heights Country Club*, 36 Cal.4th 824, 842-43 (2005).

50.   Age constitutes a personal characteristic as protected by the UCRA, and the UCRA prohibits arbitrary discrimination based upon an individual's age. *See Marina Point, Ltd. V. Wolfson*, 30 Cal.3d 721 (1982); *Pizarro v. Lamb's Players Theatre*, 135 Cal.App.4th 1171 (2006); *Candelore v. Tinder*, 19 Cal.App.5th (2018); *Harris v. Capital Growth Investors XIV*, 52 Cal.3d 1142 (1991); and *Koebke v. Bernardo Heights Country Club*, 36 Cal.4th 824 (2005).

51.   Defendant aims at supplying a dating application to a specified group of people, targeting "GenZ," while instituting a blanket prohibition on any person over the age of 35.

///

11

52.   Defendant precluded Plaintiff and Class Members from utilizing the application, a service and accommodation Defendant provides for potential users to make romantic connections.

53.   Defendant's purpose of creating Snack was to give users the ability to connect with potential relationships in more meaningful way compared to the traditional swiping of pictures that applications like Tinder and Match offer; however, when a user does not meet the specified age criteria for Snack, Defendant implores the user to in fact download Tinder and Match, further denying users, like Plaintiff and Class Members, the free and equal opportunity to Snack's services based on Plaintiff and Class Members' age.

54.   By denying Plaintiff and Class Members the services of the Snack mobile dating application due to age, Defendant violates the UCRA.

55.   Plaintiff and Class Members seek all relief available under Cal. Civil Code § 52, including $4,000 per violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray that judgment be entered against Defendant, and Plaintiff and the Class be awarded damages from Defendant, as follows:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative for the Class; and
- Appoint Plaintiff's Counsel as Class Counsel in this matter for the Class.
- $4,000 to each Class Member pursuant to California Civil Code § 52(a) for each violation of the UCRA;
- Reasonable attorneys' fees pursuant to Cal. Code of Civ. Proc. § 1021.5;
- Injunctive relief to prevent the further occurrence of such acts pursuant to California Civil Code § 51;
- An award of costs to Plaintiff; and

///

Class Action Complaint for Damages

1    • Any other relief the Court may deem just and proper including interest.

2                              **TRIAL BY JURY**

3    56.    Pursuant to the Seventh Amendment to the Constitution of the United States of

4           America, Plaintiff and Class Members are entitled to, and demand, a trial by jury.

5

6                                              Respectfully submitted,

7
                                              **SWIGART LAW GROUP**
8

9    Date:  October 14, 2022                  By:  _s/ Joshua Swigart_
                                              Joshua B. Swigart, Esq.
10                                            Josh@SwigartLawGroup.com
                                              Attorneys for Plaintiff
11

12
                                              **LAW OFFICE OF DANIEL G. SHAY**
13

14   Date:  October 14, 2022                  By:  _s/ Daniel Shay_
                                              Daniel G. Shay, Esq.
15                                            DanielShay@TCPAFDCPA.com
                                              Attorneys for Plaintiff
16

17

18

19

20

21

22

23

24

25

26

27

28

Class Action Complaint for Damages